## Case No. 8,864.
### In re McKINLEY.
[7 Ben. 562.][2]
District Court. S. D. New York. Jan., 1875.

BANKRUPTCY—ADJUDICATION—SETTING ASIDE—JURISDICTION.

1. A petition in bankruptcy against McK., regular on its face, was filed. A proper case was

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Robert D. Benedict, Esq.. and B. Lincoln Benedict. Esq., and here reprinted by permission.]

presented to the court for service on him by publication. Such service was made, and, on the return day, proof of due service being presented, and the debtor not appearing, an adjudication of bankruptcy was made. A petition was afterwards presented to the court by R., representing that he was a creditor of McK., and had not been named as such in the petition in bankruptcy. and that the debts of McK. were much greater than was alleged in that petition, and that the requisite number and amount of creditors had not joined in the petition. On this petition R. prayed that the adjudication of bankruptcy and all the subsequent proceedings might be set aside and vacated. McK. also at the same time applied, on affidavits, for an order that the proceedings be vacated, or that he be allowed to file an answer. His affidavit set up that he had no knowledge of the filing of the petition, and that the petition was not signed by the requisite number and amount of creditors, and that the petitioning creditors knew it: *Held*, that the court having been satisfied on the evidence before it on the return day, that the requirements of the statute as to number and amount of petitioning creditors had been complied with, so adjudged, which. judgment is by the statute declared to be final.

2. Such judgment is certainly final in the absence of fraud or collusion.

3. The allegation that the petitioning creditors knew that the proper number of creditors had not joined in it, was not sustained, and both motions must be denied.

In this case, after an adjudication of bankruptcy had been made, a petition was presented to the court by one Andrew Rhende, which set forth that the petition in the case was filed by creditors whose claims amounted to $8,790; that the petitioner was a creditor of [John H.] McKinley for over $10,000; that other parties, stated in the petition, were creditors to the amount of over $20,000, and none of them had joined in the petition, although all the debts were provable in bankruptcy; that McKinley was indebted in at least $40,000 of provable debts; and that the claims of the petitioning creditors were, therefore, much less than was required by the statute. On this petition Rhende applied to have the adjudication of bankruptcy vacated and the petition and all proceedings under it dismissed. At the same time an application was presented on behalf of McKinley to have the proceedings annulled, or that he might have leave to file an answer denying that the creditors who had joined in the petition constituted the requisite number and amount under the statute, and denying that McKinley had been during six months preceding the filing of the petition a. resident of the Southern district of New York. This application was founded on an affidavit of McKinley, setting forth a list of his creditors, showing debts amounting to over $60,000; and setting forth also that he had had no personal knowledge of the proceedings, that the petition and order to show cause were only served on him by publication, and that he believed that the fact that one-third in amount of his creditors had not signed the petition was well known to the petitioning creditors at the time of filing the petition. In opposition to the motion, an affidavit was presented on the part of the petitioning creditors denying any such knowledge, showing the facts which justified the service by publication under the statute, and denying the truth of the allegation as to the amount of McKinley's debts.

S. B. Higenbotam and E. McKinley, for the motions.

M. Diefendorf, opposed.

BLATCHFORD, District Judge. The petition in bankruptcy was regular on its face. On the papers before the court the order for substituted service by publication was properly made. Service was so made. On the return day the debtor did not deny the allegation as to the number or amount of petitioning creditors by a statement in writing to that effect. Proof of service by publication being made, and the court being satisfied on the evidence then before it that the requirement of the statute as to the number and amount of petitioning creditors had been complied with, the court so adjudged, and that judgment is contained in the order of adjudication, which finds that the facts set forth in the petition are true, one of which facts is the allegation as to the number and amount of petitioning creditors. The statute declares that such judgment shall be final. Certainly it is final in the absence of fraud or collusion. No fraud or collusion is shown in this case. It is not denied that the bankrupt had carried on business within this district for the period requisite to give this court jurisdiction of the case. Jurisdiction by such carrying on of business is alleged in the petition. The allegation that the petitioning creditors knew, when the petition was filed, that the proper number and amount of creditors had not joined in it is not sustained.

The motions to vacate the adjudication are denied, and the motion of the bankrupt for leave to interpose an answer is denied.